**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL ANDREW WATSON,

        Defendant.

Case No.: 2:19-mj-00771-NJK

**ORDER**

## I. BACKGROUND

On October 7, 2019, a criminal complaint was issued, charging Defendant Michael Andrew Watson with operating a motor vehicle while under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(1); operating a motor vehicle with a BAC of 0.08 grams and higher, in violation of 36 C.F.R. § 4.23(a)(2); driving without a valid driver's license, in violation of 36 C.F.R. § 4.2(b) and N.R.S. § 483.550(1); and harassment, in violation of 18 U.S.C. § 13 and N.R.S. § 200.571(a)(1). Docket No. 1.

Defendant's wife is the alleged victim in the harassment charge, which alleges that Defendant told his wife "The kids will be better off without you," "I'm going to bury you," "I'll dig with my hands," and "They won't find you until you start to smell." *Id*. at 3. The complaint further alleges that Defendant told the couple's 4- and 1-year old children that it was "time to say bye bye to mommy." *Id*. at 3, 7. Additionally, the complaint alleges that Defendant's wife stated she was "99%" certain that Defendant was going to harm her or kill her. *Id*. The complaint also alleges that a security officer heard one of Defendant's children say, "My daddy is going to buy my mommy," and that another security officer observed Defendant's wife mouth the word "Help me" to him. *Id*. at 4.

On October 7, 2019, Defendant appeared before the Court for his initial appearance and arraignment and plea. Docket No. 2. After he was arraigned, the United States' moved for Defendant's detention pending trial. *Id*. Defendant objected to any detention hearing occurring as, he submitted, the United States had not met its burden under 18 U.S.C. § 3142(f) that would

1

allow the Court to hold a detention hearing. *Id*. The Court allowed the parties to brief the issue. *Id*.

The United States submits that Defendant presents both a serious risk of flight and a serious risk of threat, injury, or harm to his wife. Docket No. 7 at 3. Further, the United States submits that harassment is a crime of violence. *Id*. In support of its contention that Defendant is a serious risk of flight, the United States submits that Defendant has only lived in Nevada for two months; lives in weekly housing for which the next week has not been paid; has unverified employment; has no family ties in this community, but has immediate family living in California; drives a vehicle registered in California; possesses a California identification card; possesses a United States passport; has dual citizenship with the United States and Costa Rica; has failed to appear in court at least three times in the past four years; and has an outstanding warrant in Texas. *Id*. In support of its contention that Defendant poses a serious risk to his wife, the United States submits that he threatened to harm her as part of the behavior in the instant case; he has been arrested at least three times in the past four years for battery or assault; he has been arrested at least once in the past two years for violating a protective order; and he has an outstanding warrant for assault. *Id*. at 3-4. Finally, the United States submits that harassment constitutes a crime of violence under the Bail Reform Act, which entitles the United States to request a detention hearing under 18 U.S.C. § 3142(f)(1). *Id*. at 4. Therefore, the United States asks the Court to allow a detention hearing to proceed in the instant case. *Id*. at 5.

Defendant submits that the offenses with which he is charged to not trigger any detention factor under 18 U.S.C. § 3142(f) and, therefore, the Court lacks jurisdiction to hold a detention hearing. Docket No. 9 at 1. Defendant submits that this case does not fall under 18 U.S.C. § 3142(f)(1) at all and, therefore, the Court must look to 18 U.S.C. § 3142(f)(2). *Id*. at 2-3. Defendant further submits that the United States moved in court on "an ordinary risk of nonappearance and danger to the community." *Id*. at 5.[1] Therefore, Defendant asks the Court to find that no detention hearing may occur in the instant case. *Id*. at 9.

---

[1] Defendant further submits argument regarding whether release or detention is appropriate if the Court finds that a detention hearing will occur. *Id*. at 6-8. The Court declines to address the

## II. ANALYSIS

Title 18, United States Code, Section 3142(f)(2) provides that:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community-
>
> …
>
> (2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves-
>
> (A) a serious risk that such person will flee; or
>
> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

Therefore, a detention hearing will not proceed at all unless the case itself involves a serious risk that Defendant will flee or a serious risk that he will obstruct justice or threaten, injure, or intimidate his wife, or attempt to do so.

In the instant case, the Court finds that the United States has demonstrated both a serious risk that Defendant will flee and a serious risk that he will either attempt to, or actually, obstruct justice or threaten, injure, or intimidate his wife. Defendant's wife is clearly a witness in this case. The complaint demonstrates that he engaged in conduct that caused her to reasonably fear that he would harm or kill her. His child believed the same thing – the child stated that Daddy was going to bury Mommy. Defendant's wife mouthed the words "Help me" to security in order to try to save her life. Although Defendant submits that his wife has moved away, the Court is not persuaded that, even if she has, he cannot reach her to intimidate, threaten, and/or injure her. Clearly, a serious risk exists that Defendant will threaten, injure, or intimidate his wife, or attempt to do so.[2] Further, the Court finds that a serious risk that Defendant will flee exists in this case

---

issue of whether release or detention is appropriate at this time, as the only issue currently before the Court is whether a detention hearing is allowed under the statute.

[2] Defendant's child may also be a witness in this case.

3

such that a detention hearing is appropriate.  Defendant has few, if any, ties to this community, no place to live, citizenship in another country, ties to another community, an outstanding warrant, and failure to follow court orders in the past.

Accordingly, the Court finds that, pursuant to 18 U.S.C. § 3142(f)(2)[3] and the United States' request for a detention hearing, a detention hearing is appropriate in this case.  The detention hearing will proceed as scheduled this afternoon at 3:00 p.m.

IT IS SO ORDERED.

DATED: October 8, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[3] As the Court finds that a detention hearing is appropriate pursuant to 18 U.S.C. § 3142(f)(2), the Court need not address whether it is also appropriate pursuant to 18 U.S.C. § 3142(f)(1).